UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No.: 2:22-CR-85 |
| FAHAD HILOWLE, ) | |
| Defendant ) | |

MOTION FOR DETENTION

    The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, hereby moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

    1. Eligibility for Detention. The defendant is eligible for detention because the case involves a crime of violence. *See* 18 U.S.C. §§ 3142(f)(1)(A).

    2. Reason for Detention. The Court should detain the defendant because there are no conditions of release which will reasonably assure the safety of the community and the defendant's appearance in Court as required. The defendant has a criminal history Maine, Minnesota and Ohio, and the convictions there range from drug offenses, to assault, to DUI. The defendant's criminal history dates back to 2012 and includes four felonies and numerous violations of probation. It appears from the defendant's history that at the time of the instant crime, he was on probation in Maine for felony unlawful possession of cocaine base. There is also an active, non-extraditable, arrest warrant for the defendant in Ohio for failure to appear. This extensive criminal history, along with the defendant's previous conduct on probation and the active arrest warrant, all support his detention as a risk of flight and danger the community.

1

The facts of this case and the weight of the evidence also support detention. *See* 18 U.S.C. § 3142(g)(1)-(2). This case stems from an encounter in a parking lot between the defendant and an officer with South Burlington PD. In the first few minutes of that encounter, the police officer observed a firearm in the defendant's pocket and the officer later recovered that firearm from his pocket. This is the firearm charged in the indictment. Since it is clear the defendant has numerous felony convictions and served two years in jail on two of those convictions (thereby satisfying the knowledge standard in *Rehaif*), the evidence in this case is very strong. *Id.* § 3142(g)(2). This case also obviously involves a firearm and is a crime of violence, and both of those factors further favor detention. *Id.* § 3142(g)(1).

3. <u>Rebuttable Presumption</u>. The United States will not invoke the rebuttable presumption against the defendant under § 3142(e).

4. <u>Time for Detention Hearing</u>. The United States requests the Court hold the detention hearing at the defendant's initial appearance.

Dated at Burlington, in the District of Vermont, this 9th day of August, 2022.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        NIKOLAS P. KEREST
        United States Attorney

By:    */s/ WENDY L. FULLER*
       WENDY L. FULLER
       Assistant U.S. Attorney
       P.O. Box 570
       Burlington, VT 05402-0570
       (802) 951-6725
       Wendy.Fuller@usdoj.gov